# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERWOOD GUY,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. CV 16-03346-RAO<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. <u>INTRODUCTION</u>

Plaintiff Sherwood Guy ("Plaintiff") challenges the Commissioner's denial of his application for supplemental security income benefits ("SSI"). For the reasons stated below, the decision of the Commissioner is AFFIRMED.

## II. <u>PROCEEDINGS BELOW</u>

On or about August 27, 2013, Plaintiff applied for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"). (AR 177-78.) Also in August 2013, Plaintiff applied for supplemental social security income pursuant to Title XVI of the Act. (*Id.* at 155-76.) In both applications, Plaintiff alleged disability beginning on September 14, 1998. (*Id.* at 156, 177.) Plaintiff's

claims were initially denied on January 16, 2014. (AR 104-09.) Plaintiff then filed a written request for a hearing. (*Id*. at 111-12.) The Administrative Law Judge ("ALJ") held a hearing on June 10, 2015, in Los Angeles, California, at which Plaintiff, represented by an attorney, testified. (*Id*. at 31-57.) An impartial vocational expert ("VE") also testified at the hearing. (*Id.* at 54-56.) At the hearing, Plaintiff amended his alleged onset date of disability to August 26, 2013, and voluntarily dismissed his claim for DIB. (*Id.* at 32.) After the hearing, Plaintiff submitted additional medical records. On September 9, 2015, the ALJ found that Plaintiff had not been under a disability, pursuant to the Social Security Act,[1] from August 26, 2013, through the decision date. (*Id.* at 25.) The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-6.) Plaintiff filed this action on May 16, 2016. (Dkt. No. 1.)

The ALJ followed a five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act. *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995). At **step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 26, 2013, the alleged onset date ("AOD"). (AR 14.) At **step two**, the ALJ found that Plaintiff has the severe impairments of seizure disorder, history of gunshot wounds to the head, and low back arthritis. (*Id.*) At **step three**, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id.* at 15.)

Before proceeding to step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to:

---

[1] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A).

2

> [P]erform medium work as defined in 29 CFR 416.967(c) except that the claimant should avoid all hazards such as ladders, heights, or moving machinery.

(AR 16.)

At **step four**, the ALJ found that Plaintiff has no past relevant work. (AR 23.) At **step five**, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (*Id.* at 23-24.) Accordingly, the ALJ found that Plaintiff "has not been under a disability . . . from August 26, 2013, through the date of [the ALJ's] decision." (*Id.* at 24.)

### III. **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they are supported by substantial evidence, and if the proper legal standards were applied. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 882 (9th Cir. 2006)). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotations omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008) (citing *Burch v.*

3

*Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see also Robbins,* 466 F.3d at 882 ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir. 2003)).

## IV. **DISCUSSION**

Plaintiff raised two issues in his appeal. First, he contends that the ALJ failed to properly consider the opinion of treating physician Dr. John Chard. Second, Plaintiff contends that the ALJ failed to properly consider Plaintiff's testimony and make proper credibility findings. The Court addresses each claim in turn.

    A. Evaluation of Dr. Chard's Opinion

    *i.*     *Pertinent Law*

It is well settled in this Circuit that courts "distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." *Lester*, 81 F.3d at 830. In the case of an opinion of an examining physician, the Commissioner must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990). Where the treating physician's opinion is contradicted, the ALJ must provide "specific and legitimate reasons" that are supported by substantial evidence. *Lester*, 81 F.3d at 830. The ALJ can "meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

///

### ii. Dr. Chard's Opinion

Plaintiff began seeing Dr. Chard in October 2014, seeing him monthly through April 2015. (AR 806-830.) In January 2015, Dr. Chard completed a Seizure Residual Functional Capacity Questionnaire ("Seizure RFC Form"). (AR 561-64.) In the Seizure RFC Form, dated January 2, 2015, Dr. Chard reported that Plaintiff suffered from grand mal seizures once per week, that the seizures manifest with confusion, exhaustion, irritability, and severe headaches which can last up to five hours. (AR 562.) Dr. Chard opined that Plaintiff would, on average, likely be absent from work more than four days per month. (AR 564.)

In addition to the Seizure RFC Form, Dr. Chard completed a Medical Opinion Re: Ability to Do Work-Related Activities (Physical), dated December 18, 2014. (AR 557-559.) In the form, Dr. Chard checked off or circled various limitations arising out of Plaintiff's back impairments. (*Id.*) Dr. Chard identified "back pain" and "x-ray OA," as the medical findings supporting the limitations Dr. Chard set forth in the form. (*Id.* at 558.)

### iii. ALJ Decision

The ALJ gave little weight to Dr. Chard's assessment in the Seizure RFC Form, stating:

> In assessing the impact of [Plaintiff's] seizure disorder upon his residual functional capacity, the undersigned has considered but given little weight to the assessment provided by Dr. Chard dated January 4, 2015, in which Dr. Chard opined that [Plaintiff's] seizure disorder would prevent him from being able to work even low stress jobs and cause him to miss work more than days per month [sic] . . . . The undersigned notes that Dr. Chard's description of the claimant's disorder, which Dr. Chard wrote has not responded to medication and causes the claimant to experience four grand mal seizures each month, is grossly inconsistent with [Plaintiff's] own testimony and the evidence discussed above [in the ALJ's decision] documenting far fewer grand mal seizures. Additionally, Dr. Chard indicated in his

5

> assessment that [Plaintiff] had experienced seizures on December 26, 2014, December 18, 2014, and December 8, 2014. In fact, as noted above [in the ALJ's decision], records concerning [Plaintiff's] visit to Dr. Chard on December 18th indicate that [Plaintiff] reported having experienced no seizures since his prior visit on December 5th. . . . Additionally, records concerning [Plaintiff's] visit on January 2, 2015 reflect that [Plaintiff] reported experiencing a seizure a week before, but do not reflect any report of a seizure occurring on December 18th. [] In light of the foregoing inconsistencies between Dr. Chard's assessment and the remaining evidence of record, including Dr. Chard's own treatment records, the undersigned finds that Dr. Chard's opinion deserves little weight.

AR 20.

With respect to Dr. Chard's opinion concerning Plaintiff's back impairment, expressed in the form Medical Opinion Re: Ability to Do Work-Related Activities (Physical), the ALJ again gave Dr. Chard's opinion little weight. The ALJ noted that Dr. Chard's opinion was based, in part, on x-ray images of Plaintiff taken pursuant to his examination by Dr. Sedgh. (AR 21.) The ALJ noted, however, that those images revealed only mild degenerative changes in Plaintiff's lumbar spine. (*Id.*) Additionally, the ALJ gave Dr. Chard's opinion regarding Plaintiff's back impairment little weight because Dr. Chard's treatment records did not reflect that Dr. Chard examined Plaintiff's back, concluding that Dr. Chard's opinion "seems grossly inconsistent with the remaining evidence of record . . . reflecting mild objective findings and generally conservative treatment." (*Id.* at 21-22.)

   *iv.   Analysis*

The Court finds that the reasons given by the ALJ for discounting Dr. Chard's opinion, which was contradicted by other physicians (*see* Jt. Stip. at 8), are specific and legitimate ones supported by substantial evidence.

With respect to the Seizure Form, the ALJ appropriately gave little weight to Dr. Chard's opinion because the form contradicts Dr. Chard's own treatment notes. For example, Dr. Chard stated that Plaintiff experiences grand mal seizures once

per week, four times per month (AR 561) and that the last three seizures occurred on December 8, 18, and 26, 2014 (*id.*). But Dr. Chard's treatment notes reflect a significantly lower frequency rate: from October 3, 2014 through January 2, 2015, Plaintiff reported a total of four seizures (AR 811-23), which averages to one seizure per month. Accordingly, the ALJ did not err in discounting the weight of Dr. Chard's opinion based on the inconsistencies between Dr. Chard's opinion and his treatment notes. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ did not err in giving minimal weight to treating physician's opinion because it was based on claimant's "subjective complaints without objective evidence," was "conclusory in the form of a check list," and lacked "substantive medical findings" to support the opinion).

And with respect to Dr. Chard's opinion as contained in the Medical Opinion Re: Ability to Do Work-Related Activities (Physical), the ALJ reasonably discounted the report because Dr. Chard's treatment notes do not indicate that Dr. Chard ever examined Plaintiff's back and the images relied on by Dr. Chard show only mild findings. *Id.*

The Court is unpersuaded by Plaintiff's argument that the ALJ had a duty to develop the record further in this matter. (Jt. Stip at 7.) The ALJ's obligation to develop the record arises only when there is an ambiguity or inadequacy in the record that prevents the ALJ from properly evaluating the evidence. *Mayes,* 276 F.3d at 459-60 (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001)). Here, the record was sufficient to allow the ALJ to make his determination.

B. <u>ALJ's Evaluation of Plaintiff's Testimony and Credibility Findings</u>

Plaintiff alleges that the ALJ erred in evaluating Plaintiff's testimony and in reaching his credibility findings. An ALJ need not accept a claimant's statements as to subjective pain or symptoms, but can reject them for clear and convincing reasons. *Lester*, 81 F.3d at 834. Plaintiff asserts that the ALJ's reasons for finding his claims not credible do not meet this standard. The Court disagrees.

7

The ALJ provided multiple reasons for discounting Plaintiff's credibility. First, the ALJ found that the objective medical evidence did not support Plaintiff's claims regarding the frequency of his reported seizures. Although an absence of objective medical evidence to support a claimant's complaints cannot provide the only basis to reject his credibility, it is a factor that an ALJ can consider in discrediting subjective symptom testimony. *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *see also Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005). Here, the ALJ's decision is supported by substantial evidence. As the ALJ recounted, Plaintiff testified that he experienced grand mal seizures two to three times per year; however, the evidence of record "documents the occurrence of only three seizures involving convulsions or loss of consciousness since the [AOD], including seizures on September 27, 2013 and October 30, 2014, . . . and another that [Plaintiff] reported in January 2014." AR 18. The ALJ noted a similar inconsistency between Plaintiff's testimony regarding the frequency of petit mal seizures Plaintiff experiences and the evidence of record. *Id.* at 16, 19.

Second, the ALJ referenced evidence showing Plaintiff's history of non-compliance with his medication. AR 16. Specifically, the ALJ noted that Plaintiff was asked about indications of non-compliance with his medication and Plaintiff insisted that he continued to take the medicine, Dilantin, but had discontinued Topamax. *Id.* at 35-37. However, the ALJ's decision noted that lab results showed that, in fact, Plaintiff had not been taking either Topamax or Dilantin. *Id.* at 16. In evaluating a claimant's testimony, the ALJ is permitted to consider "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). The ALJ's reliance on Plaintiff's noncompliance with treatment was a clear and convincing reason for making an adverse credibility finding. *See Peters v. Colvin*, CV 13-8907-JPR, 2015 WL 349421, at *6 (C.D. Cal. Jan. 23, 2015) (compiling list of

///

8

California court decisions finding that evidence of noncompliance with prescribed medications undermines allegations of disabling seizure disorder).

Third, the ALJ noted that Plaintiff used a sub-therapeutic level of anti-seizure medication when he was compliant with his medication. This is another valid basis supported by substantial evidence for the ALJ disbelieving Plaintiff's testimony that his seizure disorder was at the level Plaintiff claimed. *See Medina v. Colvin*, EDCV 13-1652-MAN, 2015 WL 226011, at *3-4 (C.D. Cal. Jan. 16, 2015).

## V. <u>CONCLUSION</u>

IT IS ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: April 28, 2017

*/s/ Rozella A. Oliver*
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

### NOTICE
**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**